# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JASON E. MEYER,<br><br>　　　　Defendant. | Case No. 4:06-cr-40019-JPG-18 |

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Jason E. Meyer's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. (Doc. 1007.) Counsel, whom this Court appointed to represent the defendant, has moved to withdraw on the basis that she cannot make a non-frivolous argument in support of a request for reduction. (Doc. 1165.) *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded that it has no objection to counsel's motion. (Doc. 1168.) The defendant has not responded, although he was given an opportunity to do so.

Jason E. Meyer pled guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine. (Docs. 479, 480.) Meyer started with an offense level of 36. Meyer reduced this offense level by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility by entering into a plea agreement with the Government, leaving him with a total offense level of 33. Considering Meyer's criminal history category of VI, Count I yielded a sentencing range of 235 to 293 months imprisonment. However, a 21 U.S.C. § 851 enhancement brought Meyer's effective guideline range up to 240 to 293 months imprisonment.

1

The Court ultimately imposed the low-end sentence of 240 months. (Doc. 591.)

The defendant filed a pro se motion asking this Court to apply the changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower certain base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court cannot grant a sentence reduction. *United States v. Taylor,* 778 F.3d 667, 672 (7th Cir. 2015).

The Court cannot grant Meyer a reduction here because his request does not satisfy the second § 3582(c)(2) criterion: allowing a reduction would be inconsistent with the applicable policy statement at U.S.S.G. § 1B1.10 (2014). That section provides that the guideline range reduction contained in Amendment 782 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations.U.S.S.G. § 1B1.10(a)(1) & (d) (2014). One of those limitations is that the Court may not reduce a defendant's term of imprisonment when the amendment "does not have the effect of lowering the

defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary to § 1B1.10 states that a statutory mandatory minimum term of imprisonment is an example of a situation where the amendment would not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10, Application Note (1)(A). Here, the Court sentenced Meyer under the statutory mandatory minimum pursuant to 21 U.S.C. § 851, so the amendment does not apply to him.

Because the defendant cannot satisfy the second criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot reduce his sentence by virtue of the amendments and therefore **DENIES** his motion (Doc. 1007). *See Taylor*, 778 F.3d at 672. The Court **GRANTS** counsel's motion to withdraw (Doc. 1165) and **ORDERS** that counsel is **WITHDRAWN** from this case. The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to defendant Jason E. Meyer, Reg. No. 07298-025, USP Leavenworth, U.S. Penitentiary, P.O. Box 1000, Leavenworth, KS 66048.

**IT IS SO ORDERED.**

**DATED: JANUARY 22, 2018**

**s/ *J. Phil Gilbert***
**J. PHIL GILBERT**
**DISTRICT JUDGE**
